The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK D. STEPHENS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>TOWN OF STEILACOOM,<br><br>Defendant. | NO. 22-cv-5440-BJR<br><br>**ORDER PARTIALLY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, REMANDING STATE LAW CLAIMS, AND STAYING FEDERAL TAKINGS CLAIM** |

## I.   INTRODUCTION

Mark and Lynn Stephens purchased land in the Town of Steilacoom intending to develop two single family residences, but the Town has not allowed development because of periodic standing water conditions, which Plaintiffs allege were caused by the Town. The Stephens sued the Town in Pierce County Superior Court for various claims under state law, including quiet title, injunctive relief, trespass, nuisance, and inverse condemnation/taking. The Stephens' complaint also sought relief under 42 U.S.C. § 1983, and the Town removed the case to this Court pursuant to 28 U.S.C. § 1441(c). Currently pending before the Court is the Town of Steilacoom's Motion for Summary Judgment, ECF No. 16, and Plaintiffs' Motion for Partial Summary Judgment, ECF No. 20.

ORDER PARTIALLY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, REMANDING STATE LAW CLAIMS, AND STAYING FEDERAL TAKINGS CLAIM

- 1

Having reviewed the parties' filings,[1] and the relevant legal authorities, the Court will grant Defendant's motion as to Plaintiffs' First and Sixth causes of action (quiet title and substantive due process violation claims), remands Plaintiffs' remaining state law claims back to Pierce County Superior Court, and stays Plaintiffs' federal takings claim. The remainder of Defendant's motion is denied as moot, and Plaintiffs' motion is denied as moot. The reasoning for the Court's decision follows.

## II.     BACKGROUND

The Stephens purchased two parcels of land in the Town of Steilacoom in September 2018 for $75,000 each. Stephens Decl. ¶¶ 5-6, ECF No. 21; Pl.'s Mot. Exs. A & B, ECF Nos. 21-1, 21-2.[2] They own a construction company and intended to build two single-family residences (one on each parcel), consistent with other homes in the area. Stephens Decl. ¶¶ 7, 15-16. Thereafter, a series of events, which the Court need not detail at this time, led to the Town issuing a stop work order and a requirement to provide a wetlands report and a restoration plan. *See, e.g.*, Stephens Decl. ¶ 22, Pls.' Mot. Ex. E, ECF No. 18-5. The parties dispute the existence of a regulated wetland, as well as the Town's responsibility for intentionally creating an artificial wetland. The Stephens filed suit against the Town in Pierce County Superior Court on June 8, 2022, and the case was removed to this Court on June 15, 2022. ECF No. 1. Plaintiffs assert six causes of action:

- First Cause of Action: Quiet Title
- Second Cause of Action: Injunctive Relief

---

[1] ECF Nos. 16, 20, 26, 31, 32, 34, together with multiple exhibits, including video exhibits. The Court also requested supplemental briefing related to the Washington Supreme Court's August 3, 2023 decision in *Maslonka v. Pub. Util. Dist. No. 1 of Pend Oreille Cnty.*, 533 P.3d 400, 402 (Wash. 2023). *See* ECF Nos. 41, 42.

[2] In October 2019, the Stephens purchased two small adjacent vacant parcels in a tax sale. Stephens Decl. ¶¶ 33-34; Pls.' Exs. M, N, ECF Nos. 21-12, 21-13.

ORDER PARTIALLY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
REMANDING STATE LAW CLAIMS, AND STAYING FEDERAL TAKINGS CLAIM

- 2

- Third Cause of Action: Trespass

- Fourth Cause of Action: Nuisance

- Fifth Cause of Action: Inverse Condemnation/Taking

- Sixth Cause of Action: Substantive Due Process Violation under 42 U.S.C. § 1983

Am. Compl., ECF No. 1-3.

In May 2023, the parties filed the pending motions for summary judgment. Defendant moves for summary judgment on all causes of action. Def.'s Mot. 1-2. Plaintiffs seek summary judgment solely on the nuisance, trespass, and injunctive relief claims. Pls.' Mot. 2. Defendant argued, *inter alia*, that Plaintiffs purchased the property with full knowledge of its inherent limitations and thus, cannot sue for a taking or injury that occurred before they acquired title. Def.'s Mot. 3. Plaintiffs argued that the subsequent purchaser rule is a defense, and the Town had not proven that the value of the lots was permanently reduced prior to their purchase. Pls.' Opp'n 19, ECF No. 31 (citing *Maslonka v. Pub. Util. Dist. No. 1 of Pend Oreille Cnty.*, 23 Wn.App.2d 1 (2022)).

On August 4, 2023, the Court held a video conference with the parties to discuss outstanding issues in the case, including a motion to strike that had been raised in Defendant's reply brief, ECF No. 32.[3] The parties advised the Court that on the previous day, the Washington Supreme Court had issued a decision reversing in part the Court of Appeals decision in *Maslonka*. The decision addressed Washington law on the subsequent purchaser rule's application in inverse condemnation claims, and the availability of tort claims, such as nuisance and trespass, when inverse condemnation actions are available. *See Maslonka v. Pub. Util. Dist. No. 1 of Pend Oreille Cnty.*,

---

[3] Defendant has subsequently withdrawn the strike motion. *See* ECF No. 39.

ORDER PARTIALLY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
REMANDING STATE LAW CLAIMS, AND STAYING FEDERAL TAKINGS CLAIM

- 3

1  533 P.3d 400 (Wash. 2023). Accordingly, the Court requested supplemental briefing from both

2  parties to address the applicability and impact of the Washington Supreme Court decision on this

3  case. The parties also advised the Court that some discovery was still outstanding and that they

4  were working cooperatively to complete it. Under the circumstances, the Court struck the trial date

5  scheduled for September 2023. *See* ECF No. 39.

6  Having received and reviewed the parties' supplemental briefs, ECF Nos. 41 and 42, the

7  Court has determined that Plaintiffs' § 1983 substantive due process and quiet title causes of action

8  will be dismissed, and the remaining state law claims will be remanded back to Pierce County

9  Superior Court, which provides a perfectly adequate and more appropriate forum for resolution of

10  the remaining claims.

### III.   SUMMARY JUDGMENT STANDARD

12  "Summary judgment is appropriate when, viewing the evidence in the light most favorable

13  to the nonmoving party, there is no genuine dispute as to any material fact" and the movant is

14  entitled to judgment as a matter of law. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017)

15  (quoting *United States v. JP Morgan Chase Bank Account No. Ending 8215*, 835 F.3d 1159, 1162

16  (9th Cir. 2016)); Fed. R. Civ. P. 56(a). "The moving party bears the initial burden of identifying

17  portions of the record that demonstrate the absence of a fact or facts necessary for one or more

18  essential elements of each claim." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653,

19  657 (9th Cir. 2020). "If the moving party meets this burden, the opposing party must then set out

20  specific facts showing a genuine issue for trial to defeat the motion." *Id.* If the evidence proffered

21  by the opposing party "is merely colorable, or is not significantly probative, summary judgment

22  may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

ORDER PARTIALLY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, REMANDING STATE LAW CLAIMS, AND STAYING FEDERAL TAKINGS CLAIM

- 4

On cross-motions for summary judgment, the court must consider each motion separately to determine whether either party has met its burden with the facts construed in the light most favorable to the other. *See* Fed. R. Civ. P. 56; *see also Fair Housing Council v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (noting the court's responsibility to determine whether disputed issues of material fact are present).

## IV. DISCUSSION

As noted by Defendant, Plaintiffs did not oppose the summary dismissal of their § 1983 or quiet title causes of action, thereby conceding that summary judgment is warranted on those claims. *See* Def.'s Suppl. Br. 2 n.2, 8 n.8, ECF No. 41; ECF No. 31. Therefore, there being no genuine dispute of material fact as to these claims, summary judgment is granted as to those claims.

This case was removed from state court on the basis of the federal question presented by the § 1983 claims, with supplemental jurisdiction over the state law claims. Supplemental jurisdiction under 28 U.S.C. § 1367(c) is discretionary, and courts may decline to exercise jurisdiction over supplemental state law claims "[d]epending on a host of factors including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). Deciding whether to exercise supplemental jurisdiction "is a responsibility that district courts are duty-bound to take seriously." *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir.1997).

A district court may decline to exercise jurisdiction over a state claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

ORDER PARTIALLY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, REMANDING STATE LAW CLAIMS, AND STAYING FEDERAL TAKINGS CLAIM

- 5

    (3) the district court has dismissed all claims over which it has original jurisdiction, or

    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. 1367(c).

Plaintiffs' claims in this case involve Washington's real property and land use law, which are particularly suited to a state court's determination. *See Miller v. Carr*, 535 F. Supp. 682, 686 (W.D. Wash. 1982) ("It has long been accepted that questions touching on state land use policy and the administrative processes incidental thereto are particularly well suited for disposition in the state courts."). Indeed, the Ninth Circuit has consistently approved of a district court's use of *Pullman* absention[4] in land use cases. *Sinclair Oil Corp. v. Cnty. of Santa Barbara*, 96 F.3d 401, 409 (9th Cir. 1996); *see also San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1105 (9th Cir. 1998) ("[L]and use planning is a sensitive area of social policy that meets the first requirement for *Pullman* abstention."). "The *Pullman* abstention doctrine is a narrow exception to the district court's duty to decide cases properly before it which allows postponement of the exercise of federal jurisdiction when 'a federal constitutional issue . . . might be mooted or presented in a different posture by a state court determination of pertinent state law.'" *C-Y Dev. Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir. 1983) (quoting *Cnty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189 (1959)). The Court finds that Plaintiffs' constitutional takings claim may be mooted by the state court's determination of Plaintiffs' inverse condemnation claim. In light of the state court's recent decision in *Maslonka*, the state court's determination of Plaintiffs' inverse condemnation claim as well as the related state law claims is not clear. As such, *Pullman* absention is warranted

---

[4] Referring to *Railroad Commission v. Pullman Co.*, 312 U.S. 496 (1941).

ORDER PARTIALLY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, REMANDING STATE LAW CLAIMS, AND STAYING FEDERAL TAKINGS CLAIM

- 6

under the circumstances here, and the principles of comity and federalism underlying *Pullman* support the Court's determination.

Further, the Court finds that exercising jurisdiction over Plaintiffs' state law claims in this case would not serve the interests of "economy, convenience, fairness, and comity." *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995). Plaintiffs' chosen forum was state court, and the Court finds that the parties would not be inconvenienced or unfairly prejudiced by its decision not to exercise supplemental jurisdiction over their remaining claims, nor does the court find any underlying issues of federal policy involved in their state law claims. The comity factor weighs in favor of declining to exercise supplemental jurisdiction, and considerations of judicial economy demand the same result.

Accordingly, the Court remands the remaining state law claims to Pierce County Superior Court, from whence they came. The federal constitutional takings claim shall be stayed pending the state court's determination of the state law issues, which will avoid the risk of inconsistent adjudications.

ORDER PARTIALLY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, REMANDING STATE LAW CLAIMS, AND STAYING FEDERAL TAKINGS CLAIM

- 7

## V.     CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion for summary judgment on Plaintiffs' First Cause of Action (Quiet Title) and Sixth Cause of Action (Substantive Due Process Violation under 28 U.S.C. § 1983) and declines to exercise its supplemental jurisdiction over the state law claims.  Plaintiffs' remaining state law claims are REMANDED to the Pierce County Superior Court, and the federal constitutional takings claim is STAYED pending the state court's determination of Plaintiffs' state law claims.  The remainder of the Town of Steilacoom's Motion for Summary Judgment, ECF No. 16, is denied as moot, and Plaintiffs' Motion for Partial Summary Judgment, ECF No. 20, is denied as moot.  The parties are directed to file a joint status report within one year of the date of this order, or when the state court decision is issued, whichever is earliest.

DATED this 11th day of September 2023.

*[signature]*

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER PARTIALLY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, REMANDING STATE LAW CLAIMS, AND STAYING FEDERAL TAKINGS CLAIM

- 8